**Joyce E. CROLL, Willie Killion, Plaintiffs,**

v.

**MADUFF & SONS, INC., a corporation, J. Dee Christensen, Individually, Defendants.**

**Civ. No. 79–0466–RMT.**

United States District Court, C. D. California, Civil Division.

April 3, 1980.

M. Van Smith, Palo Alto, Cal., Dale E. Lee, Los Angeles, Cal., for plaintiffs.

Stanley Zipser, Los Angeles, Cal., for defendants.

MEMORANDUM

TAKASUGI, District Judge.

I

BACKGROUND

Plaintiffs filed this action to recover damages in connection with certain transactions in commodity futures occurring in

1976. Plaintiffs allege violations of the Commodity Exchange Act (CEA), 7 U.S.C. §§ 1 *et seq*. Defendants move to dismiss on the ground that exclusive jurisdiction with respect to matters arising under the CEA resides initially in the Commodity Futures Trading Commission (CFTC) and that the federal courts have jurisdiction only after plaintiff has exhausted the administrative remedies under the Act.

## II

## DISCUSSION

A. In 1974, Congress amended the CEA to create the CFTC. 7 U.S.C. § 2 states in part

"That the Commission shall have the exclusive jurisdiction with respect to accounts agreements . . . and transactions involving contracts of sale of a commodity for future delivery, traded or executed on a contract market designated pursuant to section 7 of this title . . . .. Nothing in this section shall supersede or limit the jurisdiction conferred on courts of the United States or any State."

At the same time, Congress established a system of trial-like "reparations" proceedings.

Prior to the amendments, the courts had implied a private right of action. *Hecht v. Harris, Upham & Co.*, 430 F.2d 1202 (9th Cir. 1970). The issue, then, is whether the 1974 amendments revoked any implied private right of action and gave jurisdiction to the federal courts only after completion of the reparations proceedings before the CFTC.

B. In *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the Supreme Court established a four-part test for determining whether a private right of action should be implied under a federal statute.[1] Application of the *Cort* test indicates that a private right of action remains under the CEA.[2] Although the legislative intent is somewhat ambiguous, there is significant evidence that Congress intended the reparations proceeding to supplement rather than replace existing federal court jurisdiction. An extensive analysis of this issue is found in *Smith v. Groover*, Comm.Fut.L.Rep. CCH ¶ 20,763, 468 F.Supp. 105 (N.D.Ill. Feb. 2, 1979). The *Groover* court pointed out that the Congress was very much aware that a number of federal courts had implied a private right of action under the CEA and that there was significant concern amongst the legislators that the amendments should not supersede the federal court's existing jurisdiction. *Groover, supra*, ¶ 20,763 at pp. 23,125–26, 468 F.Supp. 105.

An implied private right of action is consistent with the statutory scheme. There is ample evidence that Congress intended the reparation proceedings to be "an alternative to the more time-consuming, cumbersome, expensive and formal adjudication of

1. The *Cort* test is as follows:

"First, is the plaintiff 'one of the class for whose especial benefit the statute was enacted,' *Texas & Pacific R. Co. v. Rigsby*, 241 U.S. 33, 39, 36 S.Ct. 482, 484, 60 L.Ed. 874 (1916) (emphasis supplied)—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent explicit or implicit either to create such a remedy or to deny one? See, e. g., *National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S. 453, 458, 460, 94 S.Ct. 690, 693, 694, 38 L.Ed.2d 646 (1974) (*Amtrak*). Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? See, e. g., *Amtrak*, supra; *Securities Investor Protection Corp. v. Barbour*, 421 U.S. 412, 423, 95 S.Ct. 1733,

1740, 44 L.Ed.2d 263 (1975); *Calhoon v. Harvey*, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?" *Cort v. Ash, supra*, 422 U.S. at 78, 95 S.Ct. at 2088.

2. Plaintiffs are members of the class for whose "especial" benefit the Act was enacted. Defendant characterizes plaintiffs as "speculators" and therefore not protected under the Act. However, the 1974 amendments were designed to protect all investors in commodities, including the undefined class of "speculators," from manipulative practices such as those alleged to have been engaged in by defendant.

private claims in federal or state court." *See, Groover, supra,* ¶ 20,763 at p. 23,126, 468 F.Supp. 105. Further, the CFTC has consistently interpreted the reparations proceeding as permitting commodity customers an election of forums in which to pursue their claims. *See,* 41 Fed.Reg. 3994 (1976); 41 Fed.Reg. 18471–72 (1976). "(T)he consistent construction of a statute 'by the agency charged with its enforcement is entitled to great deference by the courts.'" *United States v. Consumer Life Insurance Co.,* 430 U.S. 725, 752, 97 S.Ct. 1440, 1454, 52 L.Ed.2d 4 (1976).

The explicit language in 7 U.S.C. § 2, and the legislative history indicate that Congress did not intend to supersede the existing jurisdiction of the federal court wherein a private right of action had been implied under the CEA.[3]

---

**3.** Because federal law is primarily applied to commodities matters, the fourth factor in the *Cort* test is irrelevant.